O



FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

JAN I 3 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN L. ROBINSON, | ) Case No. CV 09-4576 RNB |
| Plaintiff, | ) |
| | ) |
| vs. | ) ORDER REVERSING DECISION OF |
| | ) COMMISSIONER, AND REMANDING |
| | ) FOR FURTHER ADMINISTRATIVE |
| MICHAEL J. ASTRUE, | ) PROCEEDINGS |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

The Court now rules as follows with respect to the sole disputed issue listed in the Joint Stipulation[1]:

For the reasons stated by plaintiff (see Jt Stip at 4-9, 15-16), the Court finds and concludes that the Administrative Law Judge ("ALJ") failed to make a proper adverse credibility determination with respect to plaintiff's testimony concerning the symptoms of her impairments and her attendant functional limitations. This includes plaintiff's testimony as reflected in the written questionnaire forms. (See AR 131-36,

---

[1]    As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

1  140-42).

2      Further, based on its review of the hearing transcript and the ALJ's decision,

3  the Court concurs with plaintiff that the ALJ failed in his duty to fully and fairly

4  develop the record with respect to the issue of plaintiff's credibility. See, e.g., Smolen

5  v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996); Baker v. Richardson, 327 F. Supp. 349,

6  351 (M.D. Fla. 1971); see also Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983)

7  (ALJ's duty to fully and fairly develop the record exists even when the claimant is

8  represented by counsel).

9      However, the Court disagrees with plaintiff that the Court should remand for

10  the payment of benefits under the "crediting as true" doctrine. In Connett v. Barnhart,

11  340 F.3d 871, 876 (9th Cir. 2003), the panel held that the "crediting as true" doctrine

12  was not mandatory in the Ninth Circuit.  There, the Ninth Circuit remanded for

13  reconsideration of the claimant's credibility where the record contained insufficient

14  findings as to whether the claimant's testimony should be credited as true. See id.

15      The Court has concluded that this is not an instance where no useful purpose

16  would be served by further administrative proceedings; rather, additional

17  administrative proceedings, including further examination of plaintiff, still could

18  remedy the defects in the ALJ's decision.

19

20                                    **ORDER**

21      Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS

22  ORDERED that Judgment be entered reversing the decision of the Commissioner of

23  Social Security, and remanding this matter for further administrative proceedings.

24

25  DATED: January 11, 2010

26                                    _____

27                                    ROBERT N. BLOCK
                                      UNITED STATES MAGISTRATE JUDGE

28

                                        2